SYLVESTER BALDWIN v. LITITZ MUTUAL INSURANCE COMPANY AND
LLOYD BATTEN T/A LLOYD BATTEN INSURANCE COMPANY

No. 8913SC874

(Filed 17 July 1990)

**Insurance § 2.2 (NCI3d)— builder's risk policy—no coverage on house after completion—no failure of agent to procure insurance**

In an action to recover for negligent failure to procure or maintain insurance on a house constructed by plaintiff, the evidence was insufficient as a matter of law to support a verdict in plaintiff's favor where plaintiff's evidence tended to show that he requested a builder's risk policy from defendant; such a policy was provided and by its express terms covered loss during the time that the dwelling was under construction; plaintiff misunderstood the policy and thought that he was covered until the house was sold; defendant contacted plaintiff to find out whether construction was completed but did not specifically remind plaintiff that coverage would lapse as of the date of completion of construction; the damage occurred after that date; and defendant thus assumed the duty of procuring builder's risk insurance which would cover the house during the construction period and he fulfilled that duty.

**Am Jur 2d, Insurance §§ 139, 140, 244.**

APPEAL by defendant Lloyd Batten from Judgment of *Judge Coy E. Brewer, Jr.*, entered 15 March 1989 in COLUMBUS County Superior Court. Heard in the Court of Appeals 2 April 1990.

*Williamson & Walton, by C. Greg Williamson, for plaintiff appellee.*

*Anderson, Cox, Collier & Ennis, by Clay A. Collier, for defendant appellant, Lloyd Batten, t/a Lloyd Batten Insurance Company.*

COZORT, Judge.

Insurance agent appeals from a jury verdict finding that he negligently failed to procure or maintain insurance on a house constructed by plaintiff and assessing damages in the amount of $18,781.77. We reverse.

Plaintiff and his brother, Tillman Baldwin, had been in the business of constructing residential houses for approximately fifteen years. During that time, they had built five or six hundred homes, most of which were constructed pursuant to a contract with a buyer, but a few were "speculation" homes, or homes constructed, at least initially, without a specific buyer. Plaintiff had obtained "builder's risk" insurance through defendant Lloyd Batten's company, Lloyd Batten Insurance Company, "more than a hundred [times] almost." Policies were purchased with a stated term of one year, although plaintiff usually completed construction in three or four months. After construction of a house, the builder's risk insurance would be cancelled, the homeowner would procure insurance, and defendant would send plaintiff a refund of any "unearned premium."

In March of 1985, defendant issued a builder's risk policy, through Lititz Mutual Insurance Company (Lititz), covering a speculation house that plaintiff was building on Jewel Street in Whiteville. The stated term of the policy was from 27 March 1985 to 27 March 1986. Under the terms of the policy, insurance was provided only to the dwelling "while under construction" and required plaintiff to "advise us when construction is completed." Tillman Baldwin testified that he was the one who applied for insurance coverage from defendant and that he specifically requested a builder's risk policy but did not read the policy prior to incurring damages. The house was completed sometime in June or July of 1985.

In early August of 1985, Lititz contacted the Lloyd Batten Agency and requested information regarding the status of the construction. On 13 August 1985, Teresa Stephens, an employee at the Batten Agency, telephoned Tillman Baldwin, who informed her that construction had been completed. Stephens testified that she advised Mr. Baldwin that there would be no insurance coverage on the house if it were completed and unoccupied and that plaintiff should get in touch with Mr. Batten about obtaining other coverage. Tillman Baldwin testified that he was asked whether construction was completed but was not told that coverage had ended and that other arrangements would have to be made. On 16 August, Mr. Baldwin informed defendant that there had been a fire and that the house had been damaged. According to Stephens' testimony, she said, "Well, you know you don't have insurance on that house," and Baldwin stated in response that "he knew he was probably up the creek without a paddle."

**BALDWIN v. LITITZ MUTUAL INS. CO.**

[99 N.C. App. 559 (1990)]

Lititz denied coverage under the policy because the loss was incurred after construction was completed and thus the policy was "null and void." Plaintiff filed the instant civil action against Lititz and Lloyd Batten. Lititz was dismissed from the suit on its motion for summary judgment. That ruling by the trial court is not before this Court. At trial, defendant's motions for directed verdict at the close of plaintiff's evidence and after presentation of all the evidence were denied. The jury returned a verdict finding that plaintiff suffered a loss of $18,781.77 as a result of defendant's negligent failure to procure or maintain insurance for plaintiff. Defendant's motion for judgment notwithstanding the verdict was thereafter denied. Defendant appealed.

The relationship between insurance agent and an insured is fiduciary as well as contractual. *R-Anell Homes, Inc. v. Alexander & Alexander, Inc.*, 62 N.C. App. 653, 303 S.E.2d 573 (1983). As a general rule, when an insurance agent undertakes to procure insurance for a customer to afford protection against a designated risk, the law imposes upon the agent the duty to exercise reasonable care in performing that undertaking, and the agent will be liable for loss attributable to the negligent performance or default of that duty. *Wiles v. Mullinax*, 267 N.C. 392, 395, 148 S.E.2d 229, 231-32 (1966). If the agent is unable to procure the insurance he has undertaken to provide, then he has the further duty to give timely notice to his customer so that the customer may secure the insurance elsewhere or take other steps to protect his interests. *Id.*, 148 S.E.2d at 232. The agent's duty may extend to an obligation to renew an existing policy. *Barnett v. Security Ins. Co. of Hartford*, 84 N.C. App. 376, 352 S.E.2d 855 (1987). This State has also recognized a cause of action against an insurance agent for "negligent advice." *R-Anell Homes*. But it is equally well established that an insurance agent is not obligated to assume the duty of procuring a policy of insurance for a customer. *Alford v. Tudor Hall & Assoc.*, 75 N.C. App. 279, 281-82, 330 S.E.2d 830, 832, *disc. review denied*, 315 N.C. 182, 337 S.E.2d 855 (1985). In determining whether an agent has undertaken to procure insurance for a customer, the court must consider the conduct of the parties and the communications between them tending to show that the agent accepted an obligation to provide insurance. *Id.* at 282, 330 S.E.2d at 832.

Viewing the evidence in the light most favorable to plaintiff, as we must in considering defendant's motion for judgment notwithstanding the verdict, we hold that the evidence was insufficient

as a matter of law to support a verdict in plaintiff's favor. Plaintiff's evidence shows that plaintiff requested a builder's risk policy from defendant, that such a policy was provided and by its express terms covered loss during the time that the dwelling was under construction, that plaintiff misunderstood the policy and thought that he was covered until the house was sold, that defendant contacted plaintiff to find out whether construction was completed but did not specifically remind plaintiff that coverage would lapse as of date of completion of construction, and that the damage occurred after that date. Thus, defendant assumed the duty of procuring builder's risk insurance which would cover the house during the construction period, and he fulfilled that duty.

While there is an issue of fact with respect to whether defendant informed plaintiff of the need to take additional steps to protect his property and whether plaintiff understood that coverage had terminated, resolving those factual disputes in favor of plaintiff is of no avail to his case. There is no evidence that plaintiff expected, or could have reasonably expected, defendant to procure coverage on the property past completion of construction. Nor was there evidence that defendant misled plaintiff, incorrectly explained the policy, or knew that plaintiff misunderstood the coverage requested and provided. Defendant had always provided only builder's risk insurance to plaintiff and had never "converted" any previous builder's risk policy into some other type of policy. He cannot be charged with that responsibility now. Defendant's motion for judgment notwithstanding the verdict should have been allowed.

Reversed.

Chief Judge HEDRICK and Judge PARKER concur.