LEIGH BIGGER AND WILLIAM J. BIGGER, PLAINTIFFS v. VISTA SALES AND MARKET-
ING, INC., LOUISE ALDERSON, STATE FARM GENERAL INSURANCE COM-
PANY, STATE FARM FIRE AND CASUALTY COMPANY, BOBBY R. BEBBER, NEW
YORK LIFE INSURANCE ANNUITY CORPORATION AND KENNETH P.
LOVELACE, DEFENDANTS

No. COA97-1604

(Filed 6 October 1998)

### 1. Insurance— agent—failure to advise purchase of workers' compensation coverage—liability to employee

The trial court did not err by granting a 12(b)(6) dismissal for
defendants in an action by an injured employee alleging that an
insurance agent had a duty to recommend to the company the
purchase of workers' compensation insurance. Vista Sales, the
employer of plaintiff Leigh Bigger, never asked the agent to pro-
cure workers' compensation insurance and the evidence of a 28
year relationship with the president of Vista was insufficient to
find that the agent impliedly undertook to advise plaintiffs.

### 2. Insurance— agent—failure to advise purchase of workers' compensation coverage—standing of employee to sue

Plaintiffs lacked standing to bring an action alleging that
plaintiff Leigh Bigger was harmed by an insurance agent's negli-
gent failure to advise Ms. Bigger's employer that workers' com-
pensation insurance was required by law. Even assuming that the
agent had a duty to advise the employer, this in no way estab-
lishes an action for third parties. Moreover, there is no merit in
the contention that plaintiffs have standing because Ms. Bigger,
as an employee, would have been an intended third-party benefi-
ciary of the workers' compensation insurance; any benefit that
Ms. Bigger could have derived from defendants' advice is at best
speculative.

### 3. Emotional Distress— allegations—insufficient

The trial court did not err by granting defendants' Rule
12(b)(6) motion to dismiss a claim for the negligent infliction of
emotional distress by the husband of an injured employee arising
from the failure of the employer to obtain workers' compensation
insurance and the failure of the insurance agent to advise that
workers' compensation insurance was required by law. The fam-
ily relationship between plaintiff and the injured party is insuffi-
cient, standing alone, to establish the element of foreseeability.

Plaintiffs here merely alleged that William Bigger was Leigh Bigger's husband and did not allege any knowledge by defendants that William Bigger was susceptible to emotional distress.

Appeal by plaintiffs from an order entered on 7 March 1996 by Judge Dennis Winner in Buncombe County Superior Court. Heard in the Court of Appeals 17 September 1998.

*Morris York Williams Surles & Brearly by Attorney Thomas E. Williams for plaintiff-appellants.*

*Attorney John C. Clinger for defendant-appellees Bebber and State Farm Companies.*

WYNN, Judge.

Leigh Bigger was in Defendant Vista Sales and Marketing's ("Vista Sales") employ at the time of her injury which arose out of and in the course of her employment. Thereafter, she presented a claim against Vista Sales before the Industrial Commission. On 2 April 1997, the Full Commission affirmed the Deputy Commissioner's Opinion and Award ordering Vista Sales to compensate Bigger for all her medical expenses and temporary total disability.

Vista Sales, in violation of North Carolina law, did not carry a policy providing workers' compensation insurance, nor did it qualify as a self-insured employer at the time of the accident. Therefore, Bigger was unable to collect the amount of the aforementioned compensation. William Bigger, as a result, incurred the medical expenses and other expenses associated with providing and caring for his wife. Consequently, the Biggers filed a complaint in superior court on 26 October 1995 against Vista Sales, Louise Alderson, State Farm General Insurance Company, State Farm Fire and Casualty, Bobby R. Bebber, New York Life Insurance Company, New York Life Insurance Annuity Corporation, and Kenneth Lovelace.

The trial court dismissed the Biggers' claims against Bebber and the State Farm Defendants on 7 March 1996. Additionally, summary judgment was entered in favor of New York Life Insurance Company, New York Life Insurance Annuity Corporation, and Kenneth Lovelace on 2 January 1997. On 30 September 1997, the Biggers took a voluntary dismissal without prejudice as to the other defendants.

On appeal, the Biggers contend the trial court erred in granting the defendant's 12(b)(6) motion. Specifically, the Biggers argue three

reasons why the complaint states a claim upon which relief can be granted: (1) Bebber, an insurance agent of State Farm, negligently failed to recommend that Vista Sales purchase workers' compensation insurance; (2) the Biggers had standing to bring suit; and (3) William Bigger had a cause of action against the defendants for negligent infliction of emotional distress.

"Under Rule 12(b)(6), a claim should be dismissed where it appears that plaintiff is not entitled to relief under any set of facts which could be proven." *Miller v. Nationwide Mut. Ins. Co.*, 112 N.C. App. 295, 299, 435 S.E.2d. 537, 541 (1993) (citing *Garvin v. City of Fayetteville*, 102 N.C. App. 121, 401 S.E.2d 133 (1991)). Therefore, "[t]he question for the [appellate] court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory, whether properly labeled or not." *Id.* at 300, 435 S.E.2d. at 541, (citing *Harris v. NCNB*, 85 N.C. App. 669, 355 S.E.2d 838 (1987)).

Contrary to plaintiffs' assertions, the complaint when treated as true, does not state any sufficient claim upon which relief can be granted. Accordingly, the trial court was correct in granting the defendants' 12(b)(6) motion to dismiss.

I.

[1] The Biggers first argue the dismissal was incorrect because Bebber, as an insurance agent, had a duty to recommend that Vista Sales purchase workers' compensation insurance, or in the alternative, to inform Vista Sales that this insurance was required by law. Further, they contend this duty was imputed to the State Farm Defendants under a theory of respondeat superior. We disagree.

In the present case, Bebber procured a State Farm general commercial liability insurance policy for Vista Sales after discussing its insurance needs. This policy was subsequently renewed. Vista Sales, however, never asked Bebber to procure workers' compensation insurance. Accordingly, we must determine whether Bebber had a duty to advise Vista Sales to purchase workers' compensation even though no such request for coverage was made.

As correctly noted in the Biggers' brief, North Carolina has recognized a cause of action against an insurance agent for negligent advice. *See R. Angell Homes, Inc. Alexander & Alexander, Inc.*, 62 N.C. App. 653, 303 S.E.2d 573 (1983); *See also Bradley Freight Lines, Inc., v. Pope, Flynn & Co., Inc.*, 42 N.C. App. 285, 256 S.E.2d 522

(1979). Bebber, however, could not have given negligent advice regarding workers' compensation insurance given that Vista Sales never inquired about such coverage.

The Biggers compared the present case to *Fli-Back Co., Inc. v. Philadelphia Manufacturers Mut. Ins. Co.*, 502 F.2d 214 (4th Cir. 1974) in which the Fourth Circuit Court of Appeals held that as a result of the insurer's conduct, it could not deny coverage for its failure to advise the insured that the coverage did not extend to the insured's West Building. In *Fli-Back*, Philadelphia Manufacturers Mutual (PMM) began insuring the plaintiff in 1955. At that time, PMM notified Fli-Back that it could provide low-cost mutual coverage for all of Fli-Back's manufacturing complex except the West Building. For the West Building, PMM offered to secure coverage from the affiliated insurance company, Affiliated FM. In 1960, Fli-Back purchased business interruption insurance from PMM. PMM, however, did not inform Fli-Back that the policy excluded the West Building and did not offer to secure business interruption insurance coverage for the West Building from Affiliated FM, even though Affiliated FM was in the business of writing such coverage.

The *Fli-Back* court found the aforementioned evidence raised a strong inference that PMM accepted a continuing obligation to advise Fli-Back of its insurance needs. In the case sub judice, unlike *Fli-Back*, Bebber and Vista Sales never discussed the issue of workers' compensation coverage. We find this difference to be of manifest importance, and therefore, we do not find *Fli-Back* to be controlling in the present case.

The Biggers contend the defendants were liable for their failure to advise Vista Sales regarding workers' compensation insurance because Bebber impliedly undertook to advise the insured. Other jurisdictions have held that an implied undertaking to advise may be shown if: (1) the agent received consideration beyond the mere payment of the premium; (2) the insured made a clear request for advice; or (3) there is a course of dealings over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on. *See Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 465, 471, 377 S.E.2d 343, 347 (1988) (holding that defendants were under no duty to advise insured of the employee exclusion in his policy or to advise insured that he needed worker's compensation insurance); *Mullins v. Commonwealth Life Ins.*, 839 S.W.2d 245, 248 (Ky. 1992) (holding

that an insurer and agent had no duty to advise as to the availability of optional coverage).

Paragraph 25 of the Biggers' Complaint, as amended, states that:

25. For a period of approximately 28 years prior to October 30, 1992, Bebber acted as an insurance agent for Alderson, provided her with insurance policies, and generally handled her insurance needs. Following the incorporation of Vista Sales, and prior to the October 30, 1992, Alderson, while acting as the President, Director and/or controlling shareholder of Vista Sales, discussed with Bebber the nature of the business conducted with Vista Sales.

The Biggers failed to provide any evidence regarding the extent of the course of dealings between Bebber and Vista Sales, and merely alleged the existence of a 28 year relationship between Bebber and Alderson. We do not find the allegation that Bebber acted on behalf of Alderson for 28 years to be sufficient evidence to establish a course of dealings between Bebber and Vista Sales, which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on. *Id.* Without any additional evidence, we do not find that Bebber impliedly undertook to advise the Biggers.

Moreover, "it is . . . well established that an insurance agent is not obligated to assume the duty of procuring a policy of insurance for a customer." *Baldwin v. Lititz Mut. Ins. Co.*, 99 N.C. App. 559, 561, 393 S.E.2d 306, 307 (1990) (holding that evidence was insufficient to show that agent was liable for failure to procure or maintain insurance on a house after construction). Rather, "an insurance agent has a duty to procure additional insurance for a policyholder at the request of the policyholder." *Phillips v. State Farm, Mut. Auto., Ins. Co.*, 129 N.C. App. 111, 497 S.E.2d 325, 327 (1998) (citation omitted). "[This] duty does not, however, obligate the insurer or its agent to procure a policy for the insured which had not been requested." *Id.* (citation omitted). To hold Bebber responsible for insurance coverage beyond that requested by Vista Sales would inappropriately place the burden on the insurance agent and insurance company to procure liability insurance for the employer. Consequently, we can not hold that Bebber's failure to advise Vista Sales regarding workers' compensation coverage was negligent.

Furthermore, we find no merit in the Biggers' contention that even if the defendants were not neglient for the failure to recommend

that Vista Sales procure workers' compensation, they were still negligent for failing to advise Vista Sales that workers' compensation coverage was required by law. Therefore, plaintiffs' first argument is rejected.

## II.

**[2]** Next, the Biggers argue they have standing to bring this action because Leigh Bigger was harmed by Bebber's negligent failure to advise Vista Sales that workers' compensation insurance was required by law. We disagree.

In this regard, the Biggers compare the present case to *Johnson v. Smith*, 58 N.C.App. 390, 293 S.E.2d 644 (1982) in which this Court reversed the dismissal of plaintiff's action against the defendant insurance agent for negligently failing to procure insurance against a designated risk. Even if we assume that Bebber had a duty to advise Vista Sales about the need to purchase workers' compensation insurance, this in no way establishes an action for third parties such as the plaintiffs. Accordingly, we can not agree with the Biggers' assertion that the failure to procure insurance is similar to the failure to advise. Thus, we do not find the *Johnson* case to be applicable.

Moreover, we find no merit in the Biggers' contention that they have standing because Leigh Bigger, as an employee of Vista Sales, would have been an intended third-party beneficiary of the workers' compensation insurance. Although "[t]he third party beneficiary doctrine is well established in our law," in the instant case, any benefit that Bigger could have derived from the defendants' advice to Vista Sales regarding workers' compensation insurance is at best speculative. *Lammonds v. Aleo Mfg. Co.*, 243 N.C. 749, 752, 92 S.E.2d 143, 145 (1956). Further, there is no guarantee that Vista Sales would have followed defendants' advice and actually purchased workers' compensation insurance. That is, we do not recognize an action for a third party claiming to be a beneficiary of a nonexisting contract. Accordingly, we reject the Biggers' second argument.

## III.

**[3]** Lastly, the Biggers argue that William Bigger may maintain this action because he has a claim for negligent infliction of emotional distress. "To state a claim for negligent infliction of emotional distress under North Carolina law, the plaintiff need only allege that '(1) the defendant negligently engaged in conduct, (2) it was reasonably fore-

seeable that such conduct would cause the plaintiff severe emotional distress . . ., and (3) the conduct did in fact cause severe emotional distress.' " *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 334 N.C. 669, 672, 435 S.E.2d 320, 322 (1993) (quoting *Johnson v. Ruark, Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990)).

Here, the Biggers argue that defendants' conduct caused William Bigger to suffer severe emotional distress because he was required to incur great expense for Leigh Bigger's medical care and treatment as a result of her compensable work injury. In addition, the Biggers allege this expense placed great financial strain and hardship upon William Bigger, and consequently, he was required to seek professional psychiatric and psychological care and treatment for severe emotional stress.

"[T]he family relationship between plaintiff and the injured party for whom plaintiff is concerned is insufficient, standing alone, to establish the element of foreseeability." *Anderson v. Baccus*, 335 N.C. 526, 533, 439 S.E.2d 136, 140 (1994). In their complaint, the Biggers merely alleged that William Bigger was Leigh Bigger's husband. Further, they did not allege any knowledge on the part of the defendants that William Bigger was susceptible to emotional distress. Thus, even if defendants' actions had been negligent, given the fact that his emotional distress was too remote to be reasonably foreseeable, William Bigger could not have maintained an action based on negligent infliction of emotional distress. We therefore reject plaintiffs' third argument.

For the reasons stated above, we find that the Biggers' complaint did not state a claim upon which relief could be granted and the trial court was correct in granting the 12(b)(6) motion to dismiss.

Affirmed.

Judges McGEE and HUNTER concur.

This opinion was authored and delivered to the Clerk of the North Carolina Court of Appeals by Judge Wynn prior to 1 October 1998.