TYSON, Judge, dissenting.
The record clearly indicates the trial court's consideration of matters outside the face of the complaint converted Defendants' Rule 12(b)(6) motion to dismiss to a motion for summary judgment, and that Plaintiffs were not afforded a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C. Gen. Stat. § 1A-1, Rule 12(b) (2015). I vote to reverse the trial court's order and remand and respectfully dissent.
I. Relevant Facts
On 28 May 2015, Plaintiffs filed their complaint in Buncombe County Superior Court. Approximately a week later, on 5 June 2015, Defendants filed a Rule 12(b)(6) motion to dismiss, which asserted Plaintiffs' claims were barred by the statute of limitations. On 9 June 2015, Plaintiffs filed a motion for preliminary injunction to enjoin Defendants from "trespassing on Plaintiffs' properties, *639 from removing or tampering with certain fences ..., and from proceeding with construction of a walking trail[.]" *357 On 24 June 2015, Defendants served Plaintiffs with a memorandum of law in support of Defendants' motion to dismiss and in opposition to Plaintiffs' motion for a preliminary injunction. Defendants' memorandum included several attached affidavits and exhibits. In response, Plaintiffs submitted a memorandum of law in opposition to Defendants' Rule 12(b)(6) motion to dismiss. Plaintiffs' memorandum specifically states the trial court's standard under Rule 12(b)(6) and asserted Defendants' arguments were not supported by a review limited to the face of the complaint.
Plaintiffs also served Defendants with a written objection to consideration of evidence on Defendants' Rule 12(b)(6) motion to dismiss on 26 June 2015 and formally filed the motion on 1 July 2015. Plaintiffs asserted the affidavits and exhibits submitted in support of Defendants' motion to dismiss constituted matters outside the face of the complaint and should be disregarded by the court in its consideration of Defendants' Rule 12(b)(6) motion.
Plaintiffs further specifically: (1) noted they had not submitted any additional evidence in response to Defendants' motion; (2) objected to the trial court's consideration of the evidence presented by Defendants; and (3) objected to the conversion of Defendants' motion to dismiss into a motion for summary judgment.
The trial court considered Defendants' Rule 12(b)(6) motion to dismiss at a hearing on 29 June 2015. At the hearing, Plaintiffs consistently reiterated, under Rule 12(b)(6), the court was to look solely at the legal sufficiency of the complaint and stated, "[a] lot of what we have heard already will be very appropriate for consideration under summary judgment when that day comes. This is not that day." After hearing the arguments, the trial court orally granted Defendants' Rule 12(b)(6) motion to dismiss and a written order was entered on 1 July 2015.
Prior to signing and entering the order on 1 July 2015, the trial judge met with the parties' counsel in his chambers to discuss the form and content of the order of dismissal. Both parties acknowledge this meeting occurred and at some point the judge shared a copy of his notes upon which he based his decision (" Rule 12(b)(6) Memo"). The Rule 12(b)(6) Memo is included in the record on appeal and begins by stating: "Basis for Rule 12(b)(6) ruling on June 29, 2015; taking the allegations in the Complaint in light most favorable to the moving party [.] (emphasis supplied). The Rule 12(b)(6) Memo then outlines the judge's understanding of some of the basic facts of the case, including information and facts not alleged in the complaint.
*358 On 10 July 2015, Plaintiffs filed a motion for relief from the trial court's order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(6), and, in the alternative, a motion for reconsideration. Plaintiffs again asserted the trial court had improperly considered matters outside the face of the complaint and that Defendants' motion to dismiss should have been denied under the proper standard of review applicable to Rule 12(b)(6). The trial court denied Plaintiffs' motion on 17 July 2015. Plaintiff appeals.
II. Rule 12(b)(6) Standard of Review
"A motion to dismiss under Rule 12(b)(6) is an appropriate method of determining whether the statutes of limitation bar plaintiff's claims if the bar is disclosed in the complaint ." Carlisle v. Keith , 169 N.C. App. 674, 681, 614 S.E.2d 542, 547 (2005) (emphasis supplied) (citing Horton v. Carolina Medicorp , 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996) ).
"A Rule 12(b)(6) motion tests the legal sufficiency of the pleading." Kemp v. Spivey , 166 N.C. App. 456, 461, 602 S.E.2d 686, 690 (2004) (citation and quotation marks omitted). "When considering a 12(b)(6) motion to dismiss, the trial court need only look to the face of the complaint to determine whether it reveals an insurmountable bar to plaintiff's recovery." Carlisle , 169 N.C. App. at 681, 614 S.E.2d at 547 (citation and quotation marks omitted).
"On appeal from a motion to dismiss under Rule 12(b)(6), this Court reviews de novo whether, as a matter of law, the allegations *640 of the complaint ... are sufficient to state a claim upon which relief may be granted[.]" Christmas v. Cabarrus Cty. , 192 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (citation and internal quotation marks omitted), disc. review denied , 363 N.C. 372, 678 S.E.2d 234 (2009). This Court "consider[s] the allegations in the complaint true, construe[s] the complaint liberally, and only reverse[s] the trial court's denial of a motion to dismiss if plaintiff is entitled to no relief under any set of facts which could be proven in support of the claim." Id .
However, Rule 12(b) further provides:
If, on a motion asserting the defense numbered (6), to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56 .
*359 N.C. Gen. Stat. § 1A-1, Rule 12(b) (emphasis supplied); see Snyder v. Freeman , 300 N.C. 204, 208, 266 S.E.2d 593, 596 (1980) (agreeing the trial court's "dismissal on the ground of the statute of limitations was, in effect, the entry of summary judgment inasmuch as matters outside the pleadings must have been considered by [the court]"); Williams v. Advance Auto Parts, Inc. , --- N.C. App. ----, ----, 795 S.E.2d 647, 651 ("[A] Rule 12(b)(6) motion to dismiss for failure to state a claim is indeed converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court."), disc. review denied , --- N.C. ----, 799 S.E.2d 45 (2017).
"[T]he trial court [is] not required to convert a motion to dismiss into one for summary judgment simply because additional documents [are] submitted[.]" Pinney v. State Farm Mut. Ins. Co. , 146 N.C. App. 248, 252, 552 S.E.2d 186, 189 (2001), disc. review denied , 356 N.C. 438, 572 S.E.2d 788 (2002) ; see Privette v. University of North Carolina , 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989). Where the record clearly indicates the trial court did not consider the additional documents, this Court reviews the trial court's decision under Rule 12(b)(6). Pinney, 146 N.C. App. at 252, 552 S.E.2d at 189.
On the other hand, as here, where the record clearly demonstrates the trial court considered and did not exclude the additional documents, the Rule 12(b)(6) motion is converted to a motion for summary judgment and the opposing party must be "afforded a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Kemp , 166 N.C. App. at 462, 602 S.E.2d at 690 (citation and internal quotation marks omitted). If the parties are not afforded such an opportunity, this Court remands the case "so as to allow the parties full opportunity for discovery and presentation of all pertinent evidence." Id .
III. Rule 56 Summary Judgment Standard of Review
This Court reviews an order granting summary judgment de novo and views the evidence in the light most favorable to the nonmoving party. In re Will of Jones , 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) ; Williams v. Habul , 219 N.C. App. 281, 289, 724 S.E.2d 104, 109 (2012). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015) ; see Draughon v. Harnett Cty. Bd. of Educ. , 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003) aff'd per curiam , 358 N.C. 131, 591 S.E.2d 521 (2004).
*360 IV. Analysis
While the trial court is not required to convert a Rule 12(b)(6) motion to a summary judgment motion based solely on the submission of additional documents, Pinney , 146 N.C. App. at 252, 552 S.E.2d at 189, where the trial court considered and did not exclude such documents "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 [.]" N.C. Gen. Stat. § 1A-1, Rule 12(b) (emphasis supplied). The record before us demonstrates the trial court clearly considered matters outside the complaint, *641 and apparently in the light most favorable to the moving party, prior to granting Defendants' motion to dismiss.
The trial judge's Rule 12(b)(6) Memo clearly states the information contained therein was the basis upon which the trial court granted the motion to dismiss. This memo includes facts and information not found within the four corners of the complaint. Specifically, the trial judge's notes 6(b) through 6(h) pertain to fences on Plaintiffs' properties. This issue was raised primarily in Plaintiffs' motion for preliminary injunction and in the Affidavit of Billy Jenkins filed in support of Defendants' motion to dismiss, and not in Plaintiffs' complaint.
The trial judge's Rule 12(b)(6) Memo also suggests the court applied the inappropriate standard of review. The Rule 12(b)(6) Memo states the court took "the allegations in the Complaint in light most favorable to the moving party [.]" (emphasis supplied). When reviewing a motion under Rule 12(b)(6), the trial court looks only at the allegations in the complaint and takes them as true. Christmas , 192 N.C. App. at 231, 664 S.E.2d at 652. Under summary judgment, the trial court must review the evidence in the light most favorable to the nonmoving party , here the Plaintiff. See Williams , 219 N.C. App. at 289, 724 S.E.2d at 109.
Even in absence of trial judge's Rule 12(b)(6) Memo, and unlike in Pinney and Privette , the record does not clearly indicate that the trial court specifically excluded the additional affidavits and exhibits Defendants presented in support of their Rule 12(b)(6) motion to dismiss, or that the trial court refused to consider those documents when granting the motion pursuant to Rule 12(b)(6). See Pinney , 146 N.C. App. at 252, 552 S.E.2d at 189 ; Privette , 96 N.C. App. at 132, 385 S.E.2d at 189.
Based upon the trial court's consideration of matters outside the face and four corners of the complaint, Defendants' Rule 12(b)(6) motion was converted to a motion for summary judgment under Rule 56. See Kemp , 166 N.C. App. at 462, 602 S.E.2d at 690. Upon conversion *361 of the motion as one for summary judgment, the statute required that all parties "be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." N.C. Gen. Stat. § 1A-1, Rule 12(b).
Throughout the proceedings, Plaintiffs correctly and consistently argued and emphasized that Rule 12(b)(6) requires the trial court to look solely at the allegations in the complaint. Plaintiffs further noted they had not presented any additional evidence, which would be allowed if the court were proceeding under a summary judgment standard. Plaintiffs clearly objected to the consideration of such evidence, exhibits, and affidavits presented by Defendants. Based upon the record before us, Plaintiffs were not allowed the required "reasonable opportunity" to present material pertinent to summary judgment. See N.C. Gen. Stat. § 1A-1, Rule 12(b).
V. Conclusion
The trial court improperly considered matters and evidence outside the face of the complaint and failed to provide Plaintiffs with the statute's mandatory reasonable opportunity to present evidence pertinent to a motion for summary judgment. See id .
I respectfully dissent from the majority's analysis and ruling to affirm under Rule 12(b)(6) and vote to reverse and remand to allow both parties full opportunity for discovery and presentation of all pertinent evidence under Rule 56. See id ; N.C. Gen. Stat. § 1A-1, Rule 56.