JAMIE LYNN HOLLAR, MINOR, BY AND THROUGH HER GUARDIANS AD LITEM, BOYD CARL HOLLAR AND DEBRA S. HOLLAR, AND BOYD CARL HOLLAR, INDIVIDUALLY, Plaintiffs v. JOHN PATRICK HAWKINS, AND ALLSTATE INSURANCE COMPANY, Defendants

No. COA94-1065

(Filed 15 August 1995)

## Insurance § 527 (NCI4th)— automobile insurance—minimum bodily injury coverage—UIM coverage not required

Since the automobile insurance policy in question provided only the minimum statutorily required coverage for bodily injury, the policy was not required to provide UIM coverage under N.C.G.S. 20-279.21(b)(4).

### Am Jur 2d, Automobile Insurance §§ 293-298.

Appeal by defendant from judgment entered 4 August 1994 by Judge Beverly T. Beal in Caldwell County Superior Court. Heard in the Court of Appeals 25 May 1995.

*Smith Helms Mulliss & Moore, L.L.P., by Stephen P. Millikin, for defendant-appellant Allstate Insurance Company.*

*Joel C. Harbinson for plaintiffs-appellees.*

WYNN, Judge.

The parties stipulated to the following facts. On 6 October 1990, plaintiff Jamie Lynn Hollar was a passenger in an automobile driven by Juanita Belcher Stevens when it collided with an automobile driven by defendant John Patrick Hawkins. Mr. Hawkins had an insurance policy with bodily injury limits of $25,000 per person and $50,000 per accident which was exhausted to pay claims arising out of the accident.

Plaintiff's father, Boyd Carl Hollar, owned an automobile insurance policy issued by defendant Allstate Insurance Company ("Allstate"). This policy provided bodily injury coverage of $25,000 per person / $50,000 per accident and uninsured motorist ("UM") coverage of $25,000 per person / $50,000 per accident. The policy did not specifically provide any underinsured motorist ("UIM") coverage.

Plaintiff brought this action seeking to establish that Mr. Hollar's policy provided UIM coverage. The trial court found that Allstate was

required to provide UIM coverage of $25,000 per person / $50,000 per accident. The trial court also found that since the Allstate policy insured two vehicles, the UIM coverage could be stacked. The trial court concluded that since defendant Hawkins's policy only provided $25,000 in liability coverage, then Allstate was obligated to provide $25,000 in UIM coverage for plaintiff's claim. From this judgment, Allstate appeals.

Allstate argues that the trial court erred by concluding that Mr. Hollar's insurance policy contained UIM coverage. We agree.

In determining "whether insurance coverage is provided by a particular automobile liability insurance policy, careful attention must be given to the type of coverage, the relevant statutory provisions, and the terms of the policy." *Smith v. Nationwide Mut. Ins. Co.*, 328 N.C. 139, 142, 400 S.E.2d 44, 47, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991). In the present case, the type of coverage at issue is UIM coverage and the relevant statute is N.C. Gen. Stat. § 20-279.21(b)(4). At the time of the accident, N.C. Gen. Stat. § 20-279.21(b)(4) provided in relevant part:

> [Automobile liability insurance policies] shall . . . provide underinsured motorist coverage, to be used only with policies that are written at limits that exceed those prescribed by subdivision (2) of this section and that afford underinsured motorist coverage as provided by subdivision (3) of this subsection, in an amount equal to the policy limits for automobile bodily injury liability as specified in the owner's policy.

N.C. Gen. Stat. § 20-279.21(b)(4) (1990). N.C. Gen. Stat. § 20-279.21(b)(2) established the minimum limits for an automobile liability insurance policy as:

> [T]wenty-Five Thousand Dollars ($25,000.00) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, Fifty Thousand Dollars ($50,000.00) because of bodily injury to or death of two or more persons in any one accident.

N.C. Gen. Stat. § 20-279.21(b)(2) (1990).

UIM coverage allows the insured to recover when the tortfeasor has insurance, but the coverage is insufficient to fully compensate the injured party. *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 382 S.E.2d 759 (1989), *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546

**HOLLAR v. HAWKINS**

[119 N.C. App. 795 (1995)]

(1989). As provided by N.C. Gen. Stat. § 20-279.21(b)(4), UIM coverage "may be obtained only if the policyholder has liability insurance in excess of the minimum statutory requirement." *Smith*, 328 N.C. at 147, 400 S.E.2d at 50.

In the instant case, Mr. Hollar's Allstate insurance policy did not contain UIM coverage. The only way, therefore, that plaintiff could receive UIM coverage is if such coverage is written into the policy by statute as a matter of law. Since the policy provided only the minimum statutorily required coverage of $25,000 per person / $50,000 per accident, the policy was not required to provide UIM coverage under N.C. Gen. Stat. § 20-279.21(b)(4). Accordingly, the judgment of the trial court is

Reversed.

Judges EAGLES and MARTIN, Mark D. concur.