LARRY DEAN PHILLIPS, BY HIS GUARDIAN AD LITEM, DAVIS A. PHILLIPS, PLAINTIFF V. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND CATHY EDWARDS, DEFENDANTS

No. COA97-802

(Filed 17 March 1998)

## Insurance § 942 (NCI4th)— insurance agent—insured's eligibility for UIM coverage—no fiduciary duty

An insurance agent owed no fiduciary duty to explain to plaintiff insured that he would be eligible for underinsured motorist (UIM) coverage if he increased his automobile liability insurance coverage above the statutory minimum limits where the insured did not request that the agent obtain UIM coverage for him; when the insured initially obtained automobile insurance through the agent, he obtained a minimum limits policy and rejected UIM coverage in writing; and the insured thereafter

PHILLIPS v. STATE FARM MUT. AUTO. INS. CO.

[129 N.C. App. 111 (1998)]

annually renewed his policy with the statutory minimum liability coverage.

Appeal by plaintiff from order entered 30 May 1997 by Judge Beverly T. Beal in Gaston County Superior Court. Heard in the Court of Appeals 16 February 1998.

The minor plaintiff was a passenger in an automobile which was involved in a collision with another vehicle on 13 April 1994. On 11 April 1997 plaintiff filed this action against defendant State Farm Mutual Automobile Insurance Company ("State Farm") and defendant Cathy Edwards, a local agent of State Farm, alleging that defendants negligently breached their fiduciary duty to him.

Plaintiff alleged that both drivers were negligent in the 13 April 1994 accident and that their joint negligence produced his injuries. Plaintiff further alleged that the maximum automobile liability coverage available from both alleged tortfeasors did not exceed $100,000.

On the accident date, plaintiff had an automobile insurance policy with defendant State Farm, providing statutory minimum liability coverage of $25,000 for bodily injury or death for each person and a maximum of $50,000 coverage for bodily injury or death to two or more persons. Plaintiff's policy had $1,000,000 uninsured motorist coverage, but no underinsured motorist ("UIM") coverage.

Plaintiff originally obtained his automobile liability policy on 23 July 1988 from State Farm's insurance agent, defendant Cathy Edwards. At that time, he specifically gave a written rejection of UIM. Plaintiff renewed the policy annually thereafter, always with statutory minimum liability coverage. He never re-executed the waiver of UIM coverage.

Plaintiff alleges that defendants negligently breached their fiduciary duty to him by not explaining that UIM coverage was available to him provided he increased the amount of his liability coverage; that their failure to so inform him was negligence; and that plaintiff has been damaged thereby.

The trial court granted defendants' N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990) motion for dismissal, and plaintiff appealed.

*Don H. Bumgardner for plaintiff appellant.*

*Stott, Hollowell, Palmer & Windham, L.L.P., by Martha Raymond Thompson for defendant appellees.*

HORTON, Judge.

The issue presented by this appeal is whether an insurance agent negligently breaches a fiduciary duty to a policyholder who has a minimum limits automobile liability insurance policy if she does not explain to the policyholder that he would be eligible for UIM coverage if he increased his automobile liability insurance coverage above the statutory minimum limits.

An insurance agent acts as a fiduciary with respect to procuring insurance for an insured, correctly naming the insured in the policy, and correctly advising the insured about the nature and extent of his coverage. *See R-Anell Homes, Inc. v. Alexander & Alexander, Inc.,* 62 N.C. App. 653, 659, 303 S.E.2d 573, 577 (1983), and the cases cited therein. Thus an insurance agent has a duty to procure additional insurance for a policyholder at the request of the policyholder. *Johnson v. Tenuta & Co.,* 13 N.C. App. 375, 381, 185 S.E.2d 732, 736 (1972). The duty does not, however, obligate the insurer or its agent to procure a policy for the insured which had not been requested. *Baldwin v. Lititz Mutual Ins. Co.,* 99 N.C. App. 559, 561, 393 S.E.2d 306, 308 (1990).

In this case, plaintiff does not contend that he requested the agent to obtain UIM coverage for him. On the contrary, when plaintiff first obtained an automobile liability policy from defendant agent in 1988, he obtained a minimum limits policy and expressly waived UIM coverage. Thereafter, plaintiff annually renewed his policy of automobile liability coverage at the statutory minimum limits of coverage.

At all times relevant herein, a policyholder could only obtain UIM coverage when the policyholder purchased a policy of automobile liability insurance in excess of the minimum statutory requirement. N.C. Gen. Stat. § 20-279.21(b)(4) (1993 & Cum. Supp. 1997); *Hollar v. Hawkins,* 119 N.C. App. 795, 797, 460 S.E.2d 337, 338 (1995). In this case, plaintiff had minimum liability coverage at all times in question. We hold that, under these circumstances, defendants had no duty to advise plaintiff that, if he increased his liability coverage limits, he would be eligible for UIM coverage. We note that even had plaintiff been so notified, it is entirely speculative whether he would have incurred the additional expense of increasing his liability limits above the statutory minimum limits in order to avail himself of the opportunity to purchase UIM coverage. That is especially true in light of plaintiff's earlier rejection of UIM coverage.

**PHILLIPS v. STATE FARM MUT. AUTO. INS. CO.**

[129 N.C. App. 111 (1998)]

Defendants having breached no duty to plaintiff, the order of the trial court dismissing plaintiff's action with prejudice is

Affirmed.

Chief Judge ARNOLD and Judge EAGLES concur.