TROSCH v. STATE FARM AUTO. INS. CO.

[132 N.C. App. 227 (1999)]

WILLIAM CONRAD TROSCH, Guardian Ad Litem for minor, MARK STRANGE, and MARY W. STRANGE, Petitioners v. STATE FARM AUTOMOBILE INSURANCE COMPANY, Respondent

No. COA98-499

(Filed 2 February 1999)

**Insurance— automobile insurance—UIM coverage—bodily injury coverage exceeding minimum**

The requirement of N.C.G.S. § 20-279.21(b)(4) that UIM coverage be available when an automobile liability policy has coverage exceeding the minimum limits refers to bodily injury coverage only and does not apply if only the property damage limits exceed the minimum.

Appeal by petitioners from judgment entered 18 March 1998 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 7 January 1999.

*DeVore, Acton & Stafford, P.A., by Fred W. DeVore, III, for petitioner appellants.*

*Kennedy Covington Lobdell & Hickman, L.L.P., by Wayne P. Huckel and Sara W. Higgins, for respondent appellee.*

HORTON, Judge.

This is an action for declaratory judgment in which petitioners sought a determination that underinsured motorist (UIM) coverage was available to them under an automobile liability insurance policy issued by State Farm Mutual Automobile Insurance Company (respondent). The policy in question was issued in the names of Mary W. Strange (Mrs. Strange) and Henry L. Strange (Mr. Strange) (collectively the Stranges), for the period from 4 June 1994 through 4 December 1994 and had minimum bodily injury liability limits of $25,000/$50,000, $25,000 for property damage, and $1,000,000 uninsured motorist coverage. At all times relevant hereto, Mark Strange (Mark) lived with his mother, Mary W. Strange, in Rowan County. David M. Morris (David) also lived in the Strange household and had an automobile liability policy issued by respondent which was identical to the Strange policy.

On 21 July 1994, Mark, the minor son of the Stranges, was riding in an automobile owned by his father, Mr. Strange, and driven by

**TROSCH v. STATE FARM AUTO. INS. CO.**

[132 N.C. App. 227 (1999)]

David, when Mark was involved in an automobile accident and seriously injured, resulting in large medical bills. The parties stipulated that the Stranges never selected or rejected UIM coverage on an approved form although the respondent mailed selection/rejection forms to its policyholders annually. At the trial court, petitioners contended that their policy affords Mark $1,000,000 in UIM coverage less any setoff. The trial court concluded as a matter of law that the Strange policy did not provide UIM coverage on the date in question and entered judgment to that effect. Petitioners appealed.

N.C. Gen. Stat. § 20-279.21(b)(4) (Cum. Supp. 1997) provides that an owner's policy of liability insurance "[s]hall . . . provide [UIM] coverage, to be used only with a policy that is written at limits that exceed those prescribed by subdivision (2) of this section and that afford uninsured motorist coverage as provided by subdivision (3) of this subsection . . . ." All parties agree that the Strange policy afforded uninsured motorist [UM] coverage. The question before this Court is whether the Strange policy was written at limits which exceed the minimum limits stated in N.C. Gen. Stat. § 20-179.21(b)(2) of "twenty-five thousand dollars ($25,000) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars ($50,000) because of bodily injury to or death of two or more persons in any one accident, and fifteen thousand dollars ($15,000) because of injury to or destruction of property of others in any one accident . . . ."

Petitioners agree that their policy has the minimum limits for bodily injury liability, but contend that, because their property damage coverage is $25,000, they have more than a minimum liability policy and qualify for UIM coverage. Petitioners then argue that because they never specifically rejected UIM coverage on an approved form, they have UIM coverage as a matter of law in an amount equal to their UM coverage of $1,000,000. We disagree.

There is no language in the statute tying property damage coverage to the existence of UIM coverage. N.C. Gen. Stat. § 20-179.21(b)(4) provides in part that "[UIM] coverage is deemed to apply when, by reason of payment of judgment or settlement, all liability bonds or insurance policies providing coverage for *bodily injury* caused by the ownership, maintenance, or use of the underinsured highway vehicle have been exhausted." (Emphasis added). UIM coverage is to be in an amount "not to be less than the financial responsibility amounts for *bodily injury* liability as set forth in

G.S. 20-279.5 . . . ." *Id.* (emphasis added). Furthermore, in *Morgan v. State Farm Mut. Auto. Ins. Co.*, 129 N.C. App. 200, 497 S.E.2d 834, *aff'd per curiam*, 349 N.C. 288, 507 S.E.2d 38 (1998), as in the case *sub judice*, the policy in question had limits of $25,000/$50,000 for bodily injury and $25,000 for property damage. In pertinent part, this Court held that, "since the policy in question only provided the minimum statutory-required coverage of $25,000/$50,000, the policy was not required to provide UIM coverage under section 20-279.21(b)(4)." *Id.* at 205, 497 S.E.2d at 837.

We hold, therefore, that the requirement of N.C. Gen. Stat. § 20-279.21(b)(4) that UIM coverage be available when an automobile liability insurance policy has coverage exceeding the minimum limits refers to *bodily injury* coverage only, and does not apply if only the property damage limits exceed the minimum.

Although we have carefully considered all other arguments advanced by petitioners, we find them unpersuasive. The trial court correctly decided that there was no UIM coverage available to petitioners under the policy in question.

Affirmed.

Judges WYNN and EDMUNDS concur.