TRAVIS CLAY PINNEY, WILLIAM H. DICK, Plaintiffs v. STATE FARM MUTUAL INSURANCE COMPANY, EUGENE DAVIS and DAVID HARLING, Defendants

No. COA00-1007

(Filed 18 September 2001)

**1. Civil Procedure— submission of additional documents— failure to convert motion to dismiss into motion for summary judgment**

The trial court did not err by failing to convert defendants' motion to dismiss into a motion for summary judgment in an action arising out of the alleged failure of defendant insurance company and its agents to explain the extent of insurance coverage and the difference between uninsured motorist coverage versus underinsured motorist coverage, because: (1) the trial court clearly stated that none of the additional documents and a cassette tape submitted by plaintiffs were considered by the court in its order of dismissal; and (2) our Court of Appeals has previously held that the trial court was not required to convert a motion to dismiss into one for summary judgment simply because additional documents were submitted.

PINNEY v. STATE FARM MUT. INS. CO.

[146 N.C. App. 248 (2001)]

**2. Civil Procedure— consideration of supplemental materials—local rules**

The trial court did not err by considering defendants' objection to plaintiffs' submission of supplemental materials in an action arising out of the alleged failure of defendant insurance company and its agents to explain the extent of insurance coverage and the difference between uninsured motorist coverage versus underinsured motorist coverage, because: (1) even if defendant's objection fell under Local Rule 11.7 concerning timeliness of filing, the trial court has wide discretion in the application of local rules; and (2) plaintiffs have not shown the trial court abused its discretion in considering defendants' objection.

**3. Insurance— automobile—UIM coverage—motion to dismiss—sufficiency of evidence**

The trial court did not err by granting the motion of defendant insurance company and its agents to dismiss plaintiffs' complaint for failure to state a claim for underinsured motorist (UIM) coverage, because: (1) there was no genuine issue of material fact as to whether plaintiff had UIM coverage under N.C.G.S. § 20-279.21(b)(4) since the insurance policy only provided the minimum coverage required by statute, and UIM coverage is to be provided to policies with limits exceeding the minimum limits unless rejected; and (2) plaintiffs are not entitled to any benefits from defendants since plaintiffs only have uninsured motorist coverage, and the driver and other passenger in the car were insured.

**4. Insurance— automobile—UIM coverage—breach of fiduciary duty—misrepresentation—unfair and deceptive trade practices**

The trial court did not err by granting the motion of defendant insurance company and its agents to dismiss plaintiffs' complaint for failure to state a claim for breach of fiduciary duty, misrepresentation, and unfair and deceptive practices arising out of defendants' alleged failure to explain the extent of insurance coverage and the difference between uninsured motorist (UM) coverage versus underinsured motorist (UIM) coverage, because: (1) defendants had no duty to advise plaintiff policyholder about his eligibility for UIM, nor did defendants have a duty to increase plaintiff's underlying liability coverage so that he could obtain UIM coverage absent plaintiff's request that defendants do so; (2) whether plaintiff would have increased the liability limits above

the statutory minimum if so advised is entirely speculative and not grounds for overcoming a motion to dismiss; (3) the complaint does not allege that plaintiff was denied the opportunity to investigate or that he could not have learned the requirements of UIM coverage or the extent of plaintiff's existing coverage by exercise of reasonable diligence; and (4) the providing of UM coverage without UIM coverage cannot be construed as an unfair act where N.C.G.S. § 20-279.21(b)(4) specifically authorizes eligible drivers to obtain UM coverage alone or combined with UIM coverage.

Appeal by plaintiffs from order entered 10 May 2000 by Judge Claude S. Sitton in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 August 2001.

*Seth M. Bernanke for plaintiff-appellants.*

*Young Moore and Henderson, P.A., by R. Michael Strickland and Glenn C. Raynor, for defendant-appellees.*

HUNTER, Judge.

Plaintiffs Travis Clay Pinney ("Pinney") and William H. Dick ("Dick") (collectively "plaintiffs") appeal the trial court's order dismissing their complaint for failure to state a claim against defendant State Farm Mutual Automobile Insurance Company ("State Farm"), and its agents, Eugene Davis and David Harling (collectively "defendants"). For the reasons set forth below, we affirm.

Plaintiffs filed a complaint against defendants on 28 January 2000, asserting negligence and/or breach of contract and unfair and deceptive practices. In pertinent part, the complaint alleged the following facts. Dick, Pinney's stepfather, had maintained automobile insurance coverage through defendants continuously since 1980. Dick maintained only the statutory minimum amounts of liability coverage under his automobile policy. In 1991, Dick received a mailing from defendants stating that he was entitled to receive $1,000,000.00 of additional coverage on his automobile policy. The mailing included a rejection form, and indicated that the additional coverage would be added to Dick's policy if he failed to return the rejection form. Dick did not return the rejection form.

On 9 February 1997, Pinney was injured in an automobile accident while a passenger in an automobile driven by Kevin Lee

Simmons and owned by Pinney's wife, Teresa Pinney. Both Simmons and Teresa Pinney maintained automobile liability coverage, the limits of which were tendered to Pinney. At the time of the accident, Pinney was residing with his mother and Dick.

The complaint further alleged that it was Dick's "expectation, intent and belief" that the additional $1,000,000.00 of coverage which Dick accepted in 1991 would cover the types of injuries sustained by Pinney. However, the additional coverage, as alleged in the complaint, provided $1,000,000.00 of liability coverage for uninsured motorists ("UM"), and no coverage for underinsured motorists ("UIM"). Plaintiffs alleged that defendants had a fiduciary duty to explain to Dick the extent of the coverage and the difference between UM and UIM coverage.

On 27 March 2000, defendants filed a motion to dismiss plaintiffs' complaint for its failure to state a claim for relief under Rule 12(b)(6) of the Rules of Civil Procedure. The trial court heard the motion on 3 May 2000, and entered an order dismissing the complaint on 10 May 2000. Plaintiffs appeal.

On appeal, plaintiffs argue that the trial court erred by (1) failing to convert defendants' motion to dismiss into a motion for summary judgment; (2) failing to consider a cassette tape exhibit submitted by plaintiffs in response to defendants' motion to dismiss; (3) considering defendants' objection to supplemental materials submitted by plaintiffs; (4) granting defendants' motion to dismiss; and (5) failing to grant summary judgment in favor of plaintiffs.

[1] Plaintiffs first argue that the trial court erred in failing to convert defendants' motion to dismiss into a motion for summary judgment. On a motion to dismiss under Rule 12(b)(6), if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." N.C. Gen. Stat. § 1A-1, Rule 12(b) (1999); *see also, Schnitzlein v. Hardee's Food Sys., Inc.*, 134 N.C. App. 153, 157, 516 S.E.2d 891, 893, *disc. review denied*, 351 N.C. 109, 540 S.E.2d 365 (1999) (motion to dismiss must be converted into motion for summary judgment where matters outside pleadings presented to and considered by court).

In the present case, plaintiffs submitted to the trial court a memorandum of law including documentary and other exhibits in opposition to defendants' 12(b)(6) motion to dismiss. On 3 May 2000,

defendants submitted an objection to the trial court's consideration of any materials outside the pleadings. The trial court sustained the objection as to a cassette tape submitted by plaintiffs; however, the order sustaining the objection did not address or mention the additional documents submitted by plaintiffs. Plaintiffs argue that there "is no reasonable interpretation" of the order other than the trial court only excluded the cassette tape and considered the additional documents, requiring conversion to a motion for summary judgment.

Although the order sustaining defendants' objection to consideration of the cassette tape is ambiguous as to the additional documents, the trial court's order dismissing the complaint is not ambiguous. That order clearly states that in considering defendants' motion to dismiss, the trial court considered only "the allegations of the Complaint" and "the arguments of counsel." Moreover, in its order settling the record on appeal, the trial court clearly stated that "none of the [additional] documents and cassette tape were considered by the Court in its order of dismissal dated May 8, 2000."

In *Privette v. University of North Carolina*, 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989), this Court held that the trial court was not required to convert a motion to dismiss into one for summary judgment simply because additional documents were submitted:

> While matters outside the pleadings were introduced, the record is clear the trial court did not consider these affidavits in ruling on the Rule 12 motion. The trial court specifically stated in its order that for the purposes of the Rule 12 motion, it considered only the amended complaint, memoranda submitted on behalf of the parties and arguments of counsel.

*Id.* The record is equally clear in the present case that the trial court did not consider plaintiffs' additional documents. The trial court was not required to convert defendants' motion into one for summary judgment. We therefore need not address whether the trial court erred in failing to consider the cassette tape submitted by plaintiffs.

[2] Plaintiffs further argue that the trial court erred in considering defendants' objection to plaintiffs' submission of supplemental materials because the motion was "untimely filed" under Local Rule 11.7 ("[a]ll briefs and supporting cases, or any other materials intended to be used in argument or submitted to the Court, are to be

delivered . . . for filing forty-eight hours prior to the hearing on the motion"). Even if defendants' objection fell within the scope of Rule 11.7, the trial court has wide discretion in the application of local rules. *See Young v. Young*, 133 N.C. App. 332, 333, 515 S.E.2d 478, 479 (1999) (quoting *Lomax v. Shaw*, 101 N.C. App. 560, 563, 400 S.E.2d 97, 98 (1991)). Plaintiffs have failed to show that the trial court abused its discretion in considering defendants' motion. These assignments of error are overruled.

**[3]** Plaintiffs next argue that the trial court erred in granting defendants' motion to dismiss the complaint for failure to state a claim upon which relief may be granted. Plaintiffs argue that the complaint establishes that Dick was entitled to UIM coverage, and in the alternative, that defendants breached a duty in failing to inform Dick that he did not have UIM coverage. We disagree.

"In reviewing the grant of a 12(b)(6) motion to dismiss, we assess the legal sufficiency of the complaint, taking all factual allegations as true." *Lane v. City of Kinston*, 142 N.C. App. 622, 624, 544 S.E.2d 810, 813 (2001) (citing *Peacock v. Shinn*, 139 N.C. App. 487, 491, 533 S.E.2d 842, 846, *disc. review denied*, 353 N.C. 267, 546 S.E.2d 110 (2000)). " 'A complaint cannot withstand a motion to dismiss where an insurmountable bar to recovery appears on its face.' " *Id.* (citation omitted). An insurmountable bar to recovery may include the absence of law to support a claim, the absence of facts sufficient to state a good claim, or the disclosure of some fact that necessarily defeats a claim. *Al-Hourani v. Ashley*, 126 N.C. App. 519, 521, 485 S.E.2d 887, 889 (1997).

Issues of UIM coverage are governed by N.C. Gen. Stat. § 20-279.21(b)(4). This statute provides that automobile liability insurance policies "[s]hall . . . provide underinsured motorist coverage, to be used only with a policy that is written at limits that exceed those prescribed by subdivision (2) of this section." N.C. Gen. Stat. § 20-279.21(b)(4) (1999). Subdivision 2 of the section sets forth the statutory minimum limits for an automobile insurance policy. The plain language of this statute has been interpreted to require a policyholder to maintain liability coverage that is above the statutory minimum in order to be eligible for UIM coverage. *See Morgan v. State Farm Mut. Auto. Ins. Co.*, 129 N.C. App. 200, 204, 497 S.E.2d 834, 836, *affirmed*, 349 N.C. 288, 507 S.E.2d 38 (1998) ("pursuant to subdivision (b)(4), UIM coverage may be obtained only if the policyholder has liability insurance in excess of the minimum statutory requirement").

In *Morgan*, we held that there existed no genuine issue of material fact as to whether plaintiff had UIM coverage under a State Farm policy at the time of the accident "since the policy in question only provided the minimum statutory-required coverage" and thus "the policy was not required to provide UIM coverage under section 20-279.21(b)(4)." *Morgan*, 129 N.C. App. at 205, 497 S.E.2d at 837. This Court recently reaffirmed this principle in *McNally v. Allstate Ins. Co.*, 142 N.C. App. 680, 544 S.E.2d 807 (2001). We held that "Section 20-279.21(b)(4) clearly states UIM coverage is to be provided to policies with limits exceeding the minimum limits unless rejected." *Id.* at 682, 544 S.E.2d at 809. Since the plaintiff in *McNally* did not purchase a policy that exceeded the minimum limits, "UIM coverage was not actually available." *Id.* We stated: "[p]laintiff was not eligible for UIM coverage at the time the rejection was signed, and the clear textual interpretation of the statute is that the policy at issue was simply not subject to the provisions of N.C. Gen. Stat. § 20-279.21(b)(4)." *Id.*

In the present case, the face of plaintiffs' complaint reveals that Dick was not entitled to UIM coverage. The complaint clearly avers that Dick "maintained minimum liability limits on the policy." Under G.S. § 20-279.21(b)(4), defendants were prohibited from providing Dick UIM coverage. Nor are plaintiffs entitled to any benefits at all from defendants since plaintiffs only have UM coverage, and both Simmons and Teresa Pinney were insured. Thus, an insurmountable bar to recovery of UIM or UM coverage benefits appears on the face of plaintiffs' complaint.

[4] Plaintiffs further argue that even if the complaint fails to state a claim for UIM coverage, the complaint states claims for breach of fiduciary duty, misrepresentation, and unfair and deceptive practices. Plaintiffs argue that defendants breached a fiduciary duty to Dick by failing to inform him regarding the extent of his coverage and explain the requirements of UIM coverage. This Court has addressed and rejected an identical argument.

In *Phillips v. State Farm Mut. Auto. Ins. Co.*, 129 N.C. App. 111, 113, 497 S.E.2d 325, 327, *disc. review denied*, 348 N.C. 500, 510 S.E.2d 653 (1998), this Court addressed the extent of an insurer's duty to inform a minimum limits policyholder of the nature of UIM coverage and that the policyholder must increase the underlying coverage above the statutory minimum limits in order to be eligible for such coverage. We noted that "an insurance agent has a duty to procure additional insurance for a policyholder at the request of the policy-

holder." *Id.* (citing *Johnson v. Tenuta & Co.*, 13 N.C. App. 375, 381, 185 S.E.2d 732, 736 (1972)). "The duty does not, however, obligate the insurer or its agent to procure a policy for the insured which had not been requested." *Id.* (citing *Baldwin v. Lititz Mutual Ins. Co.*, 99 N.C. App. 559, 561, 393 S.E.2d 306, 308 (1990)). In holding that the trial court correctly dismissed the plaintiff's action, we stated:

> At all times relevant herein, a policyholder could only obtain UIM coverage when the policyholder purchased a policy of automobile liability insurance in excess of the minimum statutory requirement. N.C. Gen. Stat. § 20-279.21(b)(4) (1993 & Cum. Supp. 1997); *Hollar v. Hawkins*, 119 N.C. App. 795, 797, 460 S.E.2d 337, 338 (1995). In this case, plaintiff had minimum liability coverage at all times in question. We hold that, under these circumstances, defendants had *no duty to advise plaintiff* that, if he increased his liability coverage limits, he would be eligible for UIM coverage. *We note that even had plaintiff been so notified, it is entirely speculative whether he would have incurred the additional expense of increasing his liability limits above the statutory minimum limits in order to avail himself of the opportunity to purchase UIM coverage.*

*Id.* (emphasis added).

Defendants had no duty to advise Dick about his eligibility for UIM, nor did they have a duty to increase his underlying liability coverage so that he could obtain UIM coverage absent Dick's request that they do so. Plaintiffs argue in their brief that "[t]he reasonable inference from this evidence is that Plaintiff Dick would have done what was required in order to obtain the insurance" had defendants appropriately advised him of the requirements for UIM coverage. However, this Court in *Phillips* clearly stated that under these circumstances, whether the plaintiff would have increased the liability limits above the statutory minimum if so advised is "entirely speculative" and not grounds for overcoming a motion to dismiss. *Id.* The complaint fails to state a claim for breach of fiduciary duty.

Plaintiffs' claims for misrepresentation and unfair and deceptive practices likewise fail to withstand a motion to dismiss. Plaintiffs base their claim for misrepresentation on the allegation in the complaint that Dick discussed the $1,000,000.00 policy with an assistant in defendants' office, and that she told him "that the coverage would protect [Dick] and his family up to $1,000,000.00 for injuries caused by some other person," and that she "did not explain what uninsured

or underinsured motorist coverage was or that there was a difference in coverages." However, as discussed above, defendants were not obligated to advise Dick regarding UIM coverage and that he would be eligible for UIM coverage if he increased his liability coverage limits. The assistant had no duty as a matter of law to undertake to explain the requirements of UIM coverage to Dick, absent an allegation that Dick requested such information.

Moreover, " '[t]he tort of negligent misrepresentation occurs when in the course of a business or other transaction in which an individual has a pecuniary interest, he or she supplies false information for the guidance of others in a business transaction, without exercising reasonable care in obtaining or communicating the information.' " *Ausley v. Bishop*, 133 N.C. App. 210, 218, 515 S.E.2d 72, 78 (1999) (emphasis added) (quoting *Fulton v. Vickery*, 73 N.C. App. 382, 388, 326 S.E.2d 354, 358 (citation omitted), *disc. review denied*, 313 N.C. 599, 332 S.E.2d 178 (1985)); *see also Driver v. Burlington Aviation, Inc.*, 110 N.C. App. 519, 525, 430 S.E.2d 476, 480 (1993) (emphasis omitted) ("[i]n this State, we have adopted the Restatement 2d definition of negligent misrepresentation and have held that the action lies where pecuniary loss results from the supplying of false information to others for the purpose of guiding them in their business transactions"). The statement by defendants' office assistant that the coverage would protect for up to $1,000,000.00 is in no way false. Plaintiffs have not alleged that the assistant represented that Dick was covered for this amount of UIM, or any amount other than what appeared on his policy.

It has also been held that when a party relying on a "misleading representation could have discovered the truth upon inquiry, the complaint must allege that he was denied the opportunity to investigate or that he could not have learned the true facts by exercise of reasonable diligence." *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 346, 511 S.E.2d 309, 313 (1999). Plaintiffs' complaint does not allege that Dick was denied the opportunity to investigate or that he could not have learned the requirements of UIM coverage or the extent of his existing coverage by exercise of reasonable diligence. Indeed, the complaint does not allege that Dick ever requested any information regarding UIM coverage.

Plaintiffs' claim for unfair and deceptive practices must also fail. The basis of the claim, as alleged in the complaint, is that the sale of $1,000,000.00 UM coverage with zero UIM coverage, by itself, and in

**PINNEY v. STATE FARM MUT. INS. CO.**

[146 N.C. App. 248 (2001)]

conjunction with the "default" method of choice by failure to return the rejection form, constitutes an unfair and deceptive practice in violation of Chapter 75 of the North Carolina General Statutes.

The providing of UM coverage without UIM coverage cannot be construed as an unfair act where N.C. Gen. Stat. § 20-279.21(b)(4) specifically authorizes eligible drivers to obtain UM coverage alone, or combined with UIM coverage. The statute requires that only UM coverage be offered to insureds whose policies reflect only the minimum statutory liability coverage. Defendants were prohibited by law from providing Dick with UIM coverage until he increased his underlying liability coverage. Therefore, the providing of UM coverage without UIM coverage cannot be construed as "unfair" within the meaning of Chapter 75.

Moreover, in order to prove an unfair and deceptive practice, the plaintiff must show that the defendant committed an unfair or deceptive act or practice, in or affecting commerce, and that the plaintiff sustained an actual injury as a result. *Vazquez v. Allstate Ins. Co.*, 137 N.C. App. 741, 744, 529 S.E.2d 480, 481-82 (2000) (citing *Murray v. Nationwide Mutual Ins. Co.*, 123 N.C. App. 1, 13, 472 S.E.2d 358, 365 (1996), *disc. review denied*, 345 N.C. 344, 483 S.E.2d 172 (1997)).

Here, the allegations of plaintiffs' complaint fail to show that plaintiffs sustained actual injury as a result of the "default" method of choice. Through the default mailing, Dick received $1,000,000.00 of UM coverage. As noted previously, Dick was not entitled to UIM benefits; therefore, the nature of the mailing or whether Dick returned the rejection form has no bearing on plaintiffs' ability to recover UIM benefits in this action, and thus, cannot be construed as injuring plaintiffs as a result. To the extent plaintiffs' argument is based on the theory that defendants did not adequately inform Dick about UIM coverage, *Phillips* is controlling.

The trial court did not err in dismissing plaintiffs' complaint. We need not address plaintiffs' remaining argument that the trial court should have granted summary judgment in favor of plaintiffs.

Affirmed.

Judges WYNN and TYSON concur.