ROBERT Y. PURCELL, AND WIFE, MARY PURCELL, PLAINTIFFS v. OSCAR C. DOWNEY, AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, DEFENDANTS

No. COA03-347

(Filed 3 February 2004)

**Insurance— UIM—stacked policies—one at statutory minimum liability amount**

UIM coverage was not available where one of the two involved policies was not above the statutory minimum liability amount. N.C.G.S. § 20-279.21(b)(4).

Appeal by defendants from judgment entered 30 December 2002 by Judge Abraham Penn Jones in Person County Superior Court. Heard in the Court of Appeals 19 November 2003.

*Currin & Dutra, L.L.P., by Lori A. Dutra and Amy R. Edge, for plaintiffs-appellees.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Steven M. Sartorio and Christopher R. Kiger, for defendants-appellants.*

ELMORE, Judge.

Defendant State Farm Mutual Automobile Insurance Company (State Farm) contends the trial court erred in denying its motion for summary judgment and granting summary judgment in favor of plaintiffs Robert and Mary Purcell in a declaratory judgment action to determine whether underinsured motorist (UIM) coverage was available to plaintiffs under two automobile insurance policies issued by State Farm. We agree, and therefore reverse the trial court's order.

The parties stipulated to the following facts: on 29 June 1997, plaintiffs were seriously injured when their motorcycle was struck by a vehicle operated by defendant Oscar Downey (Downey). Plaintiffs' injuries were proximately caused by the accident, and plaintiffs suffered damages in excess of $125,000.00 each. Downey's vehicle was insured by North Carolina Farm Bureau Insurance Company (Farm Bureau) under a policy which provided liability coverage to Downey in the amount of $100,000.00 per person/$300,000.00 per accident. Pursuant to a "Settlement Agreement with Primary Liability Carrier Only/Covenant Not to Enforce Judgment" executed by each plaintiff, Farm Bureau paid plaintiffs $100,000.00 each, representing the single per person limits of the liability coverage it provided to Downey. At the time of the accident, plaintiffs owned two policies of automobile insurance issued by State Farm, policy numbers 157-2910-E30-33P (Policy One) and 161-9221-F13-33D (Policy Two). Plaintiffs paid separate premiums to State Farm for Policy One and Policy Two and were current in their payments on both policies at the time of the accident. Policy Two insured the motorcycle on which plaintiffs were riding when the accident occurred. Policy One insured plaintiffs' three automobiles.

The record evidence tends to show that Policy One, the policy insuring plaintiffs' three automobiles, provided liability and UIM coverage with limits in the amount of $100,000.00 per person/$300,000.00 per accident. Plaintiffs purchased Policy One in 1980. Policy Two, a minimum limits policy insuring the motorcycle plaintiffs were operating when injured, was purchased in 1990 and provided liability coverage with limits in the amount of $25,000.00 per person/$50,000.00 per accident, with no stated UIM coverage. State Farm provided plaintiffs with a "Selection/Rejection Form" which Robert Purcell signed on 5 December 1991, purportedly rejecting UIM coverage on Policy Two.

Plaintiffs filed their declaratory action on 28 June 2000, seeking a determination that (1) Policy One and Policy Two provided UIM coverage to them at the time of the accident; (2) the limits of the UIM coverage provided by the two State Farm policies should be aggregated, or "stacked;" and (3) as a result, plaintiffs are now entitled to receive an additional $25,000.00 apiece from State Farm in UIM coverage. In other words, plaintiffs contend that Policy One has UIM limits of $100,000.00 per person/$300,000.00 per accident, that Policy Two has UIM limits of $25,000.00 per person/$50,000.00 per accident, and that the UIM limits of Policies One and Two should be stacked to provide plaintiffs with total UIM coverage in the amount of $125,000.00 per person/$350,000.00 per accident. Plaintiffs thus argue they are entitled to receive a total of $50,000.00 in UIM coverage from State Farm, in addition to the $200,000.00 they have already received from Farm Bureau in payment of the "per person" limits of the liability coverage Farm Bureau provided to Downey.

The parties filed cross-motions for summary judgment, and the trial court heard their motions on 4 June 2001. From an order entered 30 December 2002 granting summary judgment in plaintiffs' favor and denying State Farm's cross-motion for summary judgment, State Farm appeals.

State Farm contends that the trial court improperly denied its motion for summary judgment and instead granted summary judgment in plaintiffs' favor because the trial court should have determined, as a matter of law, that Policy Two did not provide any UIM coverage to plaintiffs which could subsequently be stacked with the UIM coverage provided by Policy One. Specifically, State Farm argues that pursuant to N.C. Gen. Stat. § 20-279.21(b)(4), UIM coverage is not available with Policy Two because Policy Two provides only the statutorily mandated minimum limits of liability coverage. For the reasons discussed herein, we agree.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that [a] party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). In a declaratory action where, as here, there is no substantial controversy as to the facts disclosed by the evidence, either party may be entitled to summary judgment, since the legal significance of those facts is the only matter in controversy. *Blades v. City of Raleigh,* 280 N.C. 531, 187 S.E.2d 35 (1972). The party moving for summary judgment bears the burden of

establishing the lack of a triable issue of fact. *Pierce Concrete, Inc. v. Cannon Realty & Construction Co.*, 77 N.C. App. 411, 412, 335 S.E.2d 30, 31 (1985).

In order to determine "whether insurance coverage is provided by a particular automobile liability insurance policy, careful attention must be given to the type of coverage, the relevant statutory provisions, and the terms of the policy." *Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 142, 400 S.E.2d 44, 47, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991). The type of coverage at issue in the present case is UIM coverage, and the relevant statute is N.C. Gen. Stat. § 20-279.21(b)(4). Section 20-279.21(b)(4), which provides that an automobile owner's liability insurance policy:

> Shall . . . provide underinsured motorist coverage, to be used only with a policy that is written at limits that exceed those prescribed by subdivision (2) of this section and that afford uninsured motorist coverage as provided by subdivision (3) of this subsection, in an amount not to be less than the financial responsibility amounts for bodily injury liability as set forth in G.S. 20-279.5 nor greater than one million dollars ($1,000,000) as selected by the policy owner.

N.C. Gen. Stat. § 20-279.21 (b)(4) (2003). At the time of the accident, section 20-279.21(b)(2) established the minimum limits for an automobile liability insurance policy as:

> twenty-five thousand dollars ($25,000) because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars ($50,000) because of injury to or destruction of property of others in any one accident[.]

N.C. Gen. Stat. § 20-279.21(b)(2) (1997). Moreover, section 20-279.21(b)(4) further provides that:

> if a claimant is an insured under the [UIM] coverage on separate or additional policies, the limit of [UIM] coverage applicable to the claimant is the difference between the amount paid to the claimant under the exhausted liability policy or policies and the total limits of the claimant's [UIM] coverages as determined by combining the highest limit available under each policy[.]

N.C. Gen. Stat. § 20-279.21 (b)(4) (2003). UIM coverage allows recovery by the insured where, as here, the tortfeasor has insurance, but

the tortfeasor's coverage is insufficient to fully compensate the injured party. *Sutton v. Aetna Casualty & Surety Co.*, 325 N.C. 259, 263, 382 S.E.2d 759, 762, *reh'g denied*, 325 N.C. 437, 384 S.E.2d 546 (1989). However, our appellate courts have repeatedly construed section 20-279.21(b)(4) "to require a policyholder to maintain liability coverage that is above the statutory minimum in order to be eligible for UIM coverage." *Pinney v. State Farm Mut. Ins. Co.*, 146 N.C. App. 248, 253, 552 S.E.2d 186, 190 (2001), *disc. review denied*, 356 N.C. 438, 572 S.E.2d 788 (2002); *see also Smith v. Nationwide Mutual Ins. Co.*, 328 N.C. 139, 147, 400 S.E.2d 44, 50, *reh'g denied*, 328 N.C. 577, 403 S.E.2d 514 (1991) ("Under § 20-279.21(b)(4), UIM coverage may be obtained only if the policyholder has liability insurance in excess of the minimum statutory requirement[.] . . ."); *Morgan v. State Farm Mut. Auto. Ins. Co.*, 129 N.C. App. 200, 205, 497 S.E.2d 834, 837, *aff'd*, 349 N.C. 288, 507 S.E.2d 38 (1998) ("[S]ince the policy in question only provided the minimum statutory-required coverage of $25,000/$50,000, the policy was not required to provide UIM coverage under section 20-279.21(b)(4).").

In the present case, of the two automobile insurance policies owned by plaintiffs and issued by State Farm, only Policy Two provided liability coverage for the motorcycle involved in the accident. Our appellate courts have allowed interpolicy stacking of UIM coverages where the vehicle involved in the accident was listed on only one of the policies, reasoning that "[t]he statutory scheme for liability insurance is primarily vehicle oriented while . . . UIM insurance is essentially person oriented." *Smith*, 328 N.C. at 148, 400 S.E.2d at 50; *see also Bass v. N.C. Farm Bureau Mut. Ins. Co.*, 103 N.C. App. 272, 274, 405 S.E.2d 370, 371 (1991), *aff'd*, 332 N.C. 109, 418 S.E.2d 221 (1992). However, in both *Smith* and *Bass*, unlike the instant case, *each* of the multiple policies which were held to provide stackable UIM coverages were written at limits that exceeded the statutorily-required minimum liability amount.

In the present case, the declarations page for Policy One indicates that both liability and UIM coverage with limits in the amount of $100,000.00 per person/$300,000.00 per accident were provided by that policy. By contrast, the declarations page for Policy Two indicates this policy provided liability coverage with limits *equal to* the statutorily-required minimum amount of $25,000.00 per person/$50,000.00 per accident, with no stated UIM coverage. Thus, under section 20-279.21(b)(4), no UIM coverage was available with Policy Two, since that policy only provided liability coverage in an

amount that did not exceed the statutorily-required minimum limits. *Smith*, 328 N.C. at 147, 400 S.E.2d at 50; *Pinney*, 146 N.C. App. at 253, 552 S.E.2d at 190; *Morgan*, 129 N.C. App. at 205, 497 S.E.2d at 837. Moreover, the validity of plaintiffs' purported 1991 rejection of UIM coverage on Policy Two is immaterial to this analysis "because plaintiff was not purchasing a policy written at limits that exceeded the minimum limits of $25,000/$50,000, [and] UIM coverage was not actually available" when the purported rejection was made. *McNally v. Allstate Ins. Co.*, 142 N.C. App. 680, 682, 544 S.E.2d 807, 809, *disc. review denied*, 353 N.C. 728, 552 S.E.2d 163, (2001) (stating that because the policy at issue provided only the statutorily-required minimum limits for bodily liability coverage at the time the purported rejection was signed, the policyholder was not eligible for UIM coverage at that time, and the policy was not then subject to section 20-279(b)(4)).

We hold that because Policy Two is a minimum limits policy which by its terms was not "written at limits that exceed" the minimum financial responsibility amounts set forth by Section 20-279.21(b)(2), Section 20-279.21(b)(4) mandates that as a matter of law, UIM coverage is not available to plaintiffs under Policy Two. Consequently, we conclude that there is no additional UIM coverage available to be stacked with the $100,000.00 of UIM coverage provided to each plaintiff by Policy One, which is equal to the amount already paid to each plaintiff under the tortfeasor's exhausted liability policy. We therefore reverse the trial court's order and remand with instructions to enter an order granting summary judgment in favor of State Farm.

Reversed and remanded.

Judges BRYANT and CALABRIA concur.